People of the State of New York, Plaintiff, v. E. D. Smith
and Others, Claiming to Act as " Knights of the Ku Klux
Klan, Inc.," Defendants.

People of the State of New York, Plaintiff, v. E. D. Smith
and Others, Claiming to Act as " Kamelia, Inc.," Defendants.

Supreme Court, Albany Special Term, August, 1923.

Corporations — membership corporations — material alteration in certifi-
cate after approval by Supreme Court justice — attorney-general may
maintain action to enjoin incorporators from acting as a corporation.

Under section 41 of the Membership Corporations Law the approval of a justice
of the Supreme Court of a certificate of incorporation is an indispensable requisite
to the creation of such a corporation.

Where certificates of incorporation were filed and recorded, not in the form
approved by a justice of the Supreme Court. but in a form as subsequently
altered by the incorporators or some of them, the attorney-general under section
1217 of the Civil Practice Act may upon his own information maintain an
action against one or more of the alleged incorporators for acting as a corporation
within the state without being duly incorporated, and the motion for a temporary
injunction to restrain the acts complained of will be granted.

Motions for temporary injunctions.

*Carl Sherman,* attorney-general (*Edward G. Griffin* and *Charles
E. McManus,* of counsel), for plaintiff.

*George M. Lepine,* for defendants.

Staley, J.  The attorney-general of the state is authorized by
section 1217 of the Civil Practice Act to maintain, upon his own
information, an action against one or more persons who act as a
corporation within the state without being duly incorporated.  In
such an action the final judgment, if favorable to the plaintiff,
must perpetually restrain the commission of the acts complained
of and a temporary injunction to restrain such acts may be granted
upon satisfactory proof by affidavit that the defendants are acting
or threaten to act for and in behalf of a corporation not legally
constituted.

The sole question involved on this motion for temporary injunc-
tion is whether the alleged membership corporations, " Knights
of the Ku Klux Klan, Inc.," and " Kamelia, Inc.," have been duly
incorporated in accordance with the statutes of the state.

A membership corporation may be created for any lawful purpose
by the filing of a certificate of incorporation, executed and approved
in the manner provided in the Membership Corporations Law, and
section 41 thereof specifically provides that " such certificate shall

not be filed without the written approval, indorsed thereupon or annexed thereto, of a justice of the Supreme Court." The approval of the certificate by a justice of the Supreme Court is an indispensable requisite under the statute to the creation of such a corporation.

It appears from the papers submitted that on May 31, 1923, proposed certificates of incorporation of the alleged corporations herein referred to were approved by Mr. Justice George E. Pierce of Buffalo. The certificates at the time of their approval authorized the alleged corporations to exercise such rights, powers and privileges as are now generally extended to certain fraternal organizations specifically named in the certificates. Subsequent to the approval of these certificates by Justice Pierce and prior to their filing in the office of the secretary of state, certain alterations and deletions were made therein whereby the particular organizations named in the original certificates were deleted and in place thereof were inserted the words " men's fraternal orders " in the Ku Klux Klan certificates, and the words " women's fraternal orders " in the Kamelia certificate.

The primary purpose of the creation of a corporation is to secure the legal right to exercise some power and enjoy some privilege conferred by law upon corporate entities. The powers and privileges of a corporation are vital and constitute its very life and these are conferred by its charter or certificate of incorporation.

An alteration of the specifications of its powers, as set forth in its charter, increasing them from a definite limitation to a broad indefinite scope is obviously one which effects a material change in the extent of the powers thereby granted.

The certificates here in question were filed and are recorded, not in the form approved by Justice Pierce, but in a form as subsequently altered by the incorporators, or some of them.

The statute clearly intended that a certificate of incorporation should be approved in the form in which it was filed and filed in the form in which it was when approved. To alter such a certificate after its approval, without the consent of all the incorporators and the approving justice, in a manner involving a material change therein, is not only an illegal and unauthorized act, but also an imposition and fraud upon the court, which cannot under the requirements of the statute be tolerated or excused.

The motions for temporary injunction herein are granted.

Ordered accordingly.